```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
MICHAEL KNIGHT,

             Plaintiff,

v.                                Case No.: 8:10-cv-2785-T-33MAP

THE CHEESECAKE FACTORY
RESTAURANTS, INC.,

             Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Defendant The Cheesecake Factory Restaurants, Inc.'s Notice of Filing Regarding Defendant's Motion to Dismiss and/or Stay Proceedings Pending Arbitration (Doc. # 18), filed on February 28, 2011. For the reasons that follow, the Court strikes the notice.

This Court scheduled the February 23, 2011, hearing for the purpose of determining whether the parties would agree that this matter could proceed to arbitration without the Court specifically ruling on whether the arbitration would be binding. Mr. Rodems, on behalf of Mr. Knight, said that would be acceptable to him. Mr. Jones said no, that is, that his position was that the Court should first decide

-1-

whether arbitration was binding before ordering the parties to proceed to arbitration.  At the end of the hearing, Mr. Jones asked if he could be permitted to consult with his client, Cheesecake, to see if his client felt differently. The Court agreed and Mr. Jones was asked to file a notice with the Court indicating whether he would take a different position, after consulting with his client, than what he did at the hearing.

The notice filed by Mr. Jones does not specifically address that matter.  One can assume that Cheesecake believes that the Court should rule on the binding nature of the arbitration before sending the parties to arbitration, but the notice does not directly say that.  Rather, the notice is really a memorandum of law which attempts to convince this Court of the wisdom of Cheesecake's position. Since Cheesecake already filed a reply to the response to the motion to dismiss, the notice is stricken pursuant to Rule 12(f), Federal Rules of Civil Procedure.

Cheesecake has up to and including March 4, 2011, at 5 P.M. to file a one line statement as to whether Cheesecake agrees to proceed to arbitration without a preliminary ruling from this Court as to the binding or non-binding

nature of the arbitration.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Cheesecake's Notice of Filing Regarding Defendant's Motion to Dismiss and/or Stay Proceedings Pending Arbitration (Doc. # 18)**,** is **STRICKEN**.

(2) Cheesecake has up to and including March 4, 2011, at 5 P.M. to file a one line statement as to whether Cheesecake agrees to proceed to arbitration without a preliminary ruling from this Court as to the binding or non-binding nature of the arbitration.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of March 2011.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record